# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY,** } } } | |
| **Plaintiff,** } } | **Case No.: 2:13-cv-01305-MHH** |
| v. } } | |
| **ALABAMA DEPARTMENT OF REVENUE, et al.,** } } | |
| **Defendants.** | |

## ORDER

The City of Irondale has asked the Court to alter, amend, or vacate the judgment on the pleadings and permanent injunctive relief the Court entered in favor of Norfolk. (Doc. 184).[1] For the reasons discussed below, the Court denies the motion.

### I.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a party may ask a district court to alter, amend, or vacate a judgment. "[T]he decision to alter or amend judgment is committed to the sound discretion of the district judge . . . ." *Am.*

---

[1] Record citations refer to CM/ECF docket entry numbers in case 2:13-cv-01305-MHH.

1

*Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2810.1 (3d ed.). "Except in rare circumstances," a party may not use a motion under Rule 59(e) "to raise new legal theories or arguments." *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1337 (11th Cir. 2016).

## II.

The City of Irondale contends that the Court made a manifest error of law "when it held that because the State cannot levy the sales and use tax, counties and municipalities are also prevented from levying their own sales and use tax." (Doc. 184, p. 12). Because water carriers do not travel in interstate commerce within the City of Irondale, Irondale argues that it is not discriminating by levying taxes against railroad carriers. (Doc. 184, pp. 5, 10, 16). According to Irondale, the state of

Alabama "cannot levy its sale and use tax until the tax is applied equally to both railroad carriers and water carriers, but the State was not stripped of its power to levy this tax completely.  Because the State has not lost its power to levy a sales and use tax, it is still within Irondale's power to levy the tax so long as Irondale is not acting in a discriminatory manner." (Doc. 184, p. 15).

In the Court's March 25, 2021 memorandum opinion granting most of the plaintiff's motions for judgment on the pleadings, (Doc. 134), the Court squarely addressed the issue of county and municipal taxation:

> The county and municipal defendants contend that a permanent injunction on the State's levying of the sales and use tax would not necessarily enjoin counties and municipalities from levying the tax. (Doc. 89, p. 30).  Those defendants assert that no legal authority establishes that an injunction entered against a state with respect to an individual taxpayer limits the taxing authority delegated to counties or municipalities and that the plaintiffs must offer evidence that they compete with specific water carriers in each local jurisdiction to succeed on their claims against the county and municipal defendants. (Doc. 89, pp. 35–38).
>
> The county and municipal defendants' arguments miss the mark.  The counties and municipalities derive their taxing authority from the State, and county and municipal sales and use taxes must parallel state sales and use taxes. ALA. CODE §§ 11-3-11.2, 11-51-200–204; (*see* Doc. 83, p. 5, ¶ 18; Doc. 84, p. 5, ¶ 18; Doc. 85, p. 5, ¶ 18; Doc. 89, pp. 30–31). Likewise, the State cannot delegate to a county or municipality taxing powers different from or greater than the State's taxing powers.  *State v. Butler*, 225 142 So. 531, 533 (Ala. 1932).  The parties agree that this is so.  So, the law and the parties' agreement on the matter makes the following clear:  if the State cannot levy the sales and use tax, then neither can counties nor municipalities within the State.  An injunction on the State will identically restrain the local jurisdictions.

(Doc. 134, pp. 25–26).[2]

The standard governing a motion to alter is difficult to meet, and Irondale does not point to case law which compels the Court to reexamine its position. In an April 19, 2021 hearing, counsel for the Alabama Department of Revenue represented to the Court that it had no information that the Alabama Legislature intended to repeal the water carrier exemption. (Doc. 176, p. 3). "So, at least for the present time, it does not appear that that option would be available to the State." (Doc. 176, pp. 3–4). The State of Alabama may not collect the sales and use taxes from rail carriers for as long as it retains the exemption for water carriers. *See CSX Transp., Inc. v. Ala. Dep't of Revenue*, 888 F.3d 1163, 1187 (11th Cir. 2018). Because county and municipal sales and use taxes must parallel state sales and use taxes, the City of Irondale is properly enjoined from levying its sales and use tax "for as long as the State of Alabama retains the sales and use tax exemption for diesel fuel used by water carriers 'engaged in foreign or international commerce or in interstate commerce.'" (Doc. 182, pp. 3–4).

---

[2] The memorandum opinion acknowledged that it was premature to enter judgment against Irondale because Irondale had not yet answered Norfolk's amended complaint. (Doc. 134, p. 25). The Court noted that "Irondale, like its municipal co-defendants, has acknowledged that its levying of the sales and use tax must parallel the State's sales and use tax, (*see* 2:13-cv-01305, Doc. 96, pp. 9–10), and it is unlikely that Irondale could identify a factual dispute or raise an affirmative defense that would change the ultimate permanent injunction or declaratory judgment." (Doc. 134, p. 24). The Court entered judgment on the pleadings against Irondale on April 9, 2021. (Doc. 140).

Accordingly, the Court denies the City of Irondale's motion to amend the judgment on the pleadings in favor of Norfolk.

**DONE** and **ORDERED** this August 5, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE